1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT KALANI,                          No. 2:13-CV-02287-KJM-AC

12                 Plaintiff,

13         v.                                 ORDER

14   STATEWIDE PETROLEUM, INC.,

15                 Defendant.

16

17         This matter is before the court on defendant's Motion to Quash Service of

18   Summons under Federal Rule of Civil Procedure 12(b).  (ECF 11.)  The court decided this motion

19   without a hearing.  For the following reasons, defendant's motion is DENIED.

20   I.      RELEVANT FACTS AND PROCEDURAL BACKGROUND

21         Plaintiff filed his complaint alleging violation of the American Disabilities Act on

22   November 4, 2013.  (ECF 2.)  Defendant filed the instant motion to quash on January 17, 2014,

23   arguing plaintiff did not properly serve the summons and complaint on defendant.  (ECF 11.)

24   Accompanying defendant's motion is a sworn declaration from defendant's agent for service,

25   Mr. Bhullar, who claims he was not present at his residence at the time service was effected.

26   (Decl. of Sunny Bhullar ¶¶ 3–4, ECF 11-1 (Bhullar Decl. 1).)  Mr. Bhullar attests he only learned

27   of the complaint when, returning to his home later on the day of service, his 10-year-old daughter

28   handed him a number of papers and told him they had been delivered to the residence earlier.

1

(Decl. of Sunny Bhullar ¶ 6, ECF 15-1 (Bhullar Decl. 2).)  Plaintiff's opposition, filed February 14, 2014, contradicts defendant's assertion that service was improper.  (ECF 13.)  The sworn declaration of Mr. Saso, plaintiff's process server, states Mr. Saso spoke with, and served the summons and complaint upon, a man at Mr. Bhullar's residence who identified himself as Sunny Bhullar.  (Decl. of Robert Saso ¶ 6, ECF 13-1.)  Mr. Saso wrote down his estimates of this man's appearance, including age, height, and weight: a Middle Eastern male with black hair, approximately 45 to 55 years old, approximately 6'0" to 6'2" tall, and weighing approximately 180 to 200 pounds.  (*Id.*)  This description is also noted in the proof of service.  (Ex. B, ECF 13-3.)  Mr. Bhullar disputes the accuracy of this description, attesting he is 5'10" tall and weighs 160 pounds.  (Bhullar Decl. 1 ¶ 4.)

Defendant filed its reply on February 21, 2014.

II.     STANDARD

A federal court does not have personal jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4 (Rule 4).  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  "However, Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Id.* (internal quotations and citations omitted).  Rule 4(e)(1) authorizes service following state law for service of summons.  Under California law, a corporation may be served by personally delivering the summons and complaint to the corporation's agent for service of process.  CAL. CODE CIV. P. § 416.10.  Federal law also permits service upon a corporation's registered agent for service.  FED. R. CIV. P. 4(h)(1)(B).

"[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  *SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007)).  Mere conclusory denial of receipt of service is insufficient to rebut this presumption.  *Id.* (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 302 (2d Cir. 2005)).

/////

/////

2

III.    ANALYSIS

The only issue in this case is whether service was properly effected when defendant's agent of service asserts in a sworn declaration he was not at home at the time the complaint was served at his residence and that only his minor daughters were present.  In other words, there is no dispute about whether Mr. Bhullar is the proper person for service or whether the residence where the complaint was served is Mr. Bhullar's.  Nor is there a dispute about the time and date of service or any other aspect of the filed proof of service.  Moreover, defendant does not seek to dismiss this action, because "there exists a reasonable prospect that service may yet be obtained."  (ECF 15 at 2.)  Instead, defendant requests this court quash service and order plaintiff to re-serve within a reasonable time.  (*Id.*)  No party has requested an evidentiary hearing.

Plaintiff argues that under Ninth Circuit precedent the process server's filed proof of service creates a rebuttal presumption of proper service that defendant's self-serving declaration does not rebut.  (ECF 13 at 2.)  Plaintiff also makes a novel argument that defendant has submitted to this court's jurisdiction by making a Rule 68 offer of judgment.  (*Id.* at 3.)

In reply, defendant asserts plaintiff bears the burden of demonstrating effective service.  (ECF 15 at 2 (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).)  Defendant also correctly notes that no authority exists for plaintiff's argument that a defendant submits to a court's jurisdiction by making a Rule 68 offer.  (*Id.* at 3.)

The court finds defendant has not overcome the strong presumption that service was proper.  The one deficiency defendant identifies in the filed proof of service is not one of form; rather defendant asserts that Mr. Bhullar was not served, which does not undercut an initial presumption of proper service.  *See Internet Solutions*, 509 F.3d at 1163.  Mr. Bhullar's declaration in which he states he was not personally served is directly contradicted by the content of the proof of service and by Mr. Saso's own declaration.  The court in *Internet Solutions* considered a similar situation involving dueling declarations.  There, the defendant argued service was not proper by submitting a declaration stating he was two hours away from his office attending a meeting when he was allegedly served.  *Id.* at 1166.  To corroborate this assertion, he

3

1   attached a printout of his electronic calendar. *Id.* The process server presented contradictory

2   facts in a declaration. *Id.* at 1167. The court found the defendant did not prove by clear and

3   convincing evidence that he was not properly served. *Id.*; *see also Collagen Nutraceuticals, Inc.*

4   *v. Neocell Corp.*, No. 09–CV–2188–DMS(WVG), 2010 WL 3719101, at *2 (S.D. Cal. Sept. 20,

5   2010) (plaintiff who provided a declaration that physical access to her property was not possible

6   because of two locked gates and also provided a recent photo of herself to show she looked

7   physically different from what was indicated on proof of service did not demonstrate strong and

8   convincing evidence to rebut process server's declaration).

9          Defendant's citation of *Stevens* does not help his case. The only relevant

10  proposition for which that case stands is that a district judge has discretion to choose whether to

11  dismiss a case or to simply quash service when deciding a challenge to service under Rule 12(b).

12  538 F.2d at 1389. Defendant does not cite a case resolving in his favor on the facts the court

13  faces here.

14         Because the court finds defendant has not overcome the presumption that service

15  was proper, this court has personal jurisdiction over defendant. Accordingly, the court need not

16  reach defendant's Rule 68 argument.

17  IV.    CONCLUSION

18         For the foregoing reasons, defendant's motion is DENIED.

19         IT IS SO ORDERED.

20  Dated:  March 18, 2014.

21

22  _____

23  UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                                          4