UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KALANI,<br><br>        Plaintiff,<br><br>  v.<br><br>STATEWIDE PETROLEUM, INC.<br><br>        Defendant. | No. 2:13-CV-02287-KJM-AC<br><br><br>ORDER |

        Plaintiff Robert Kalani moves for attorneys' fees and costs.  Finding the matter suitable for disposition on the papers, the court submitted it without argument.  As explained below, the court GRANTS IN PART and DENIES IN PART the motion.

I.      BACKGROUND

        Plaintiff, physically disabled, encountered accessibility barriers when patronizing a gas station owned and operated by defendant Statewide Petroleum, Inc. in June 2013.  Compl. ¶¶ 9–15, ECF No. 2.  In November 2013, he filed suit, alleging violation of: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; (2) the Unruh Civil Rights Act, Cal. Civ. Code § 51; and (3) the California Health and Safety Code, Cal. Health & Safety Code §§ 19953–59.  *Id.* ¶¶ 16–45.  He sought injunctive relief, statutory damages and attorneys' fees and costs.  *Id.* ¶¶ 31–32, 39–40, 45.

/////

1

Thereafter, the parties engaged in settlement discussions, but plaintiff initiated no motion practice and the parties exchanged no discovery.  Plaintiff ultimately accepted defendant's offer of judgment under Federal Rule of Civil Procedure 68 on June 9, 2014. Notice of Acceptance of Offer of J. at 2, ECF No. 23.  The offer included the following pertinent provisions:

- "Defendant . . . shall [pay] to Plaintiff . . . four thousand one dollars";
- "Defendant agrees to remedy the [complained-of] barriers to access . . . within one year";
- "Plaintiff shall recover any recoverable costs incurred on or before July 15, 2014;" and
- "Plaintiff shall recover any reasonable attorney's fees incurred on or before July 15, 2014 as determined by the Court."

*Id.* at 1–2.  In accordance with these terms, the court entered judgment and closed the case on June 23, 2014.  Order at 1, ECF No. 24.

Plaintiff filed the instant motion on June 25, 2014, seeking "attorneys' fees and costs under both the ADA and Unruh Act."[1]  Pl.'s Mot. Attorney Fees ("Mot.") at 2, ECF No. 25-1.  Defendant opposes only insofar as "the fees and costs requested are unreasonable, excessive, or . . . duplicated."  Def.'s Opp'n to Mot. ("Opp'n") at 2, ECF No. 27.

II.   STANDARD

Both the ADA and the Unruh Act permit recovery by a "prevailing" plaintiff. 42 U.S.C. § 12205; Cal. Civ. Code § 55.  Such fee-shifting statutes "enable private parties to obtain legal help in seeking redress for injuries resulting from actual or threatened violation of specific . . . laws," *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); they are not intended "to punish or reward attorneys," *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000).

/////

---

[1] Attorneys' fees are likewise available to the "prevailing party" under the California Health and Safety Code, Cal. Health & Safety Code § 19953, but plaintiff does not seek recovery on that basis.

2

Where claims are "distinctly different," the hours spent on each must be distinguished when "considering the amount of a reasonable fee." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995) (internal quotation marks omitted) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)). However, where claims are based on "a common core of facts or . . . related legal theories," the court "focus[es] on the significance of the overall relief obtained," and "a plaintiff who has won substantial relief should not have . . . attorney's fee[s] reduced . . . ." *Id.* at 901–02 (citing *Hensley*, 461 U.S. at 435, 440). Because plaintiff has here obtained "substantial relief" on "related" claims, *see infra* section III.B.1; Notice of Acceptance of Offer of J. at 1–2, the court may award full fees under either claim and need not distinguish between those awarded under each. *See El-Haken v. B.J.Y. Inc.*, 415 F.3d 1068, 1075–76 (9th Cir. 2005); *see also Schwarz*, 73 F.3d at 901–02 (citing *Hensley*, 461 U.S. at 435, 440).

A plaintiff "'prevails' when actual relief on the merits of [the] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). In other words, "prevailing" empowers a plaintiff to "force the defendant to do something he [or she] otherwise would not have to do." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (citing *Farrar*, 506 U.S. at 113). A "prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances . . . render such an award unjust." *Hensley*, 461 U.S. at 429 (internal quotation marks omitted).

To calculate recoverable fees, both federal and state courts look to the lodestar, *Hensley*, 461 U.S. at 433; *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001), which is "strong[ly] presum[ed]" to represent a reasonable fee, *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 565. The court arrives at this figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Ketchum*, 24 Cal. 4th at 1132. The fee applicant bears the burden of showing that the requested rate is reasonable based on "the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *D'Emanuele v. Montgomery Ward &*

3

1   *Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990) (internal quotation marks omitted), *overruled on*

2   *other grounds by Burlington v. Dague*, 505 U.S. 557, 559 (1992).  In making this

3   determination, courts look to other decisions in "the forum in which the district court sits,"

4   *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *see also Nadarajah v. Holder*, 569 F.3d

5   906, 917 (9th Cir. 2009), and "accord[] more weight to . . . fee awards made in the last two

6   years," *Johnson v. Allied Trailer Supply*, No. 2:13-1544 WBS EFB, 2014 WL 1334006, at *5

7   n.3 (E.D. Cal. Apr. 3, 2014) (citing *Bell v. Clackamas Cnty.*, 341 F.3d 858, 869 (9th Cir. 2003)

8   (finding abuse of discretion where district court "appl[ied] market rates in effect more than two

9   years before . . . work . . . performed")).

10          In "rare and exceptional cases," the lodestar figure may be adjusted by using a

11  multiplier.  *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 565 (internal quotation

12  marks omitted).  Such adjustments may be made on the basis of the factors adopted in *Kerr v.*

13  *Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975).  *See Del. Valley Citizens'*

14  *Council for Clean Air*, 478 U.S. at 565.  However, of these factors, "the novelty [and]

15  complexity of the issues, the special skill and experience of counsel, the quality of

16  representation, and the results obtained from the litigation are presumably reflected in the

17  lodestar amount[] and . . . cannot serve as independent bases for [adjusting] the basic fee

18  award."  *Id.* (alteration in original) (internal quotation marks omitted).  Similarly, "the

19  contingency nature of a fee cannot be considered as a factor bearing on the amount of

20  attorney's fees," *Van Gerwen*, 214 F.3d at 1045 n.2, and proportionality between damages and

21  fees is not required, *see City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986); *Fair Hous. of*

22  *Marin v. Combs*, 285 F.3d 899, 908 (9th Cir. 2002).

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

III.    ANALYSIS

Plaintiff moves for the following fees and costs:[2]

| Description | Hours | Rate | Subtotal |
|---|---|---|---|
| Attorney Tanya E. Moore | 29.1 | $300 | $8,730.00 |
| Paralegal Marejka Sacks | 5.8 | $150 | $870.00 |
| Paralegal Whitney Law | 10.2 | $125 | $1,275.00 |
| Paralegal David Guthrie | 5.4 | $95 | $513.00 |
| Filing Fee | | | $400.00 |
| Service Fee | | | $59.50 |
| TOTAL | | | $11,847.50 |

Mot. at 8.  He argues the sum is proper because: he is the prevailing party; the rates are justified in light of counsel's experience, skill and reputation; the number of hours billed is reasonable in light of the result; and the *Kerr* factors do not change the result.  *Id.* at 3–8.

Although conceding plaintiff is "entitle[d] to attorney's fees and costs . . . authorized by statute," defendant believes the requested sum is "unreasonable" and "excessive."  Opp'n at 2.  It argues the number of hours requested is unreasonable because defendant "sought to settle the case from the beginning" and "much of the attorneys' fees and costs could have been avoided if Plaintiff [had] cooperated in good faith . . . ."  Opp'n at 7–8.  "Moreover, much of the work performed was clerical and involved extensive use of form . . . documents . . . ."  *Id.* at 8.  In support, defendant cites several specific examples of "excessive, redundant and duplicate billing."  *Id.* at 8–13.  It also proposes lower hourly rates for each timekeeper, *id.* at 13–15, and advocates "applying a negative multiplier" to reflect plaintiff's "limited success" with reference to rejected settlement offers, *id.* at 15–17.  In defendant's view, plaintiff is entitled to only the following fees and costs:

/////

/////

/////

---

[2] These figures reflect deductions plaintiff concedes in his reply.  Pl.'s Reply to Opp'n ("Reply") at 8, ECF No. 34.

| Description | Hours | Rate | Subtotal |
|---|---|---|---|
| Attorney Tanya E. Moore | 20.2 | $250 | $5,050.00 |
| Paralegal Marejka Sacks | 5.8 | $75 | $435.00 |
| Paralegal Whitney Law | 8.7 | $75 | $652.50 |
| Paralegal David Guthrie | 2.8 | $75 | $210.00 |
| Filing Fee | | | $400.00 |
| Service Fee | | | $59.50 |
| TOTAL | | | $6,807.00 |

*Id.* at 15.

A. <u>PREVAILING PARTY</u>

Federal and state law define "prevailing party" in similar fashion.  Under federal law, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Farrar*, 506 U.S. at 109 (internal quotation marks omitted).  Under California law, "[t]he appropriate benchmarks in determining which party prevailed are (a) the situation immediately prior to the commencement of suit, and (b) the situation today, and the role, if any, played by litigation in effecting any changes between the two." *Maria P. v. Riles*, 43 Cal. 3d. 1281, 1291 (1987).  Here, in light of the terms of the judgment, defendant recognizes "Plaintiff's entitlement to attorney's fees and costs in this litigation," Opp'n at 2, and thereby acknowledges that plaintiff has "prevailed," *see Farrar*, 506 U.S. at 114 ("[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained. . . . [T]he *degree* of . . . success does not affect eligibility for a fee award." (internal quotation marks omitted)).

B. <u>LODESTAR</u>

1. <u>Number of Hours</u>

As noted, defendant does dispute the total amount requested and specific time entries.  Opp'n at 2.  It argues first that the amount requested is generally unreasonable and unnecessary because "Defendant sought to settle the case from the beginning" and agreed "early on . . . [to] make reasonable modifications," but plaintiff failed to "cooperate[] in good faith" and ultimately achieved "only limited success."  Opp'n at 7–8, 17.  Defendant then

/////

6

1  catalogs several specific "instances of excessive, redundant and duplicate billing," challenging

2  each. *Id.* at 8–13.

3           Plaintiff responds that the parties failed to reach an agreement earlier due to

4  defendant's conduct of contesting service, making lowball offers and failing to accept

5  reasonable settlement offers. Reply at 2–4. He instead insists that the efforts expended were

6  necessary to favorable resolution of the litigation and that he "has consistently sought to put an

7  end to this matter . . . ." *Id.* at 3.

8           To begin, although "the *degree* of the plaintiff's success does not affect

9  eligibility for a fee award," "the most critical factor in determining the reasonableness of a fee

10 award is the degree of success obtained." *Farrar*, 506 U.S. at 114 (internal quotation marks

11 omitted). Where "a plaintiff has achieved only partial or limited success, the product of hours

12 reasonably expended on the litigation as a whole times a reasonable hourly rate may be an

13 excessive amount." *Id.* (internal quotation marks omitted). Thus, in such circumstances, "the

14 court may lawfully award low fees or no fees without reciting the [*Kerr*] factors bearing on

15 reasonableness" or undertaking the usual lodestar calculation. *Id.* (citation and internal

16 quotation marks omitted).

17          Here, plaintiff "has won substantial relief . . . ." *Schwarz*, 73 F.3d at 901 (citing

18 *Hensley*, 461 U.S. at 440). He complained of three violations, and the judgment rectifies each

19 substantially, if not totally. *See* Notice of Acceptance of Offer of J. at 1–2. Defendant's

20 argument equating lack of earlier resolution with limited success is unsupported and

21 unavailing. To the extent defendant argues on the basis of the Federal Rules of Civil Procedure

22 that unaccepted settlement offers prevent accrual of subsequent fees, "Rule 68 itself [does] not

23 defeat . . . eligibility for *fees*, as neither the ADA nor the Unruh Act defines 'costs' to include

24 attorney's fees." *Deanda v. Savings Inv., Inc.*, 267 F. App'x 675, 677 (9th Cir. 2008) (citing 42

25 U.S.C. § 12205; Cal. Civ. Code § 52; *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*,

26 260 F.3d 1054, 1059 (9th Cir. 2001)). Further, each of plaintiff's claims is "related" in that all

27 arise from "a common core of facts," and the Unruh violation is predicated on the ADA

28 /////

7

violation.  *Schwarz*, 73 F.3d at 901–02 (citing *Hensley*, 461 U.S. at 435, 440).  Thus, the court

declines to reduce the number of reasonable hours.

Next, after reviewing the parties' competing positions as to specific time entries,

the court determines the reasonable number of compensable hours as follows:

| Timekeeper | Entry Date | Entry Description | Requested Reduction | Court Response and Adjustment | |
|---|---|---|---|---|---|
| TM | 09/19/13 | Site inspection | -0.5 | As courts may allow reasonable travel expenses, *see Nadarajah v. Holder*, 569 F.3d 906, 924 (9th Cir. 2009), the court finds the total time billed (one hour) reasonable for a site inspection.  No reduction is warranted. | 0 |
| TM | 11/01/13 | Preparation of pleadings | -0.8 | In light of both the minimal differences between the instant complaint and counsel's form complaint and counsel's extensive experience, the court reduces this entry in part. | -0.7 |
| TM | 11/01/13 | In-firm communication | -0.2 | In light of the simplicity of the task for which counsel claims instructions are necessary, the court reduces this entry in part. | -0.1 |

8

| Timekeeper | Entry Date | Entry Description | Requested Reduction | Court Response and Adjustment | |
|---|---|---|---|---|---|
| TM | 11/04/13 | Communication from court | -0.4 | Plaintiff's counsel concedes the redundancy of two entries and agrees to strike 0.1 hours. However, due to counsel's experience, the court finds it more reasonable to strike the larger of the redundant entries. | -0.3 |
| TM | 12/09/13 | Miscellaneous communication | -0.4 | In light of counsel's experience, the court finds the time billed across the two entries to be an unreasonable amount for a stipulation. | -0.4 |
| TM | 12/22/13 | Preparation of Settlement Agreement Release ("SAR") | -0.7 | In light of both the minimal differences between the instant agreement and counsel's form agreement and counsel's extensive experience, the court reduces this entry in part. | -0.8 |
| TM | 01/06/14 | | -0.6 | | |
| TM | 01/02/14 | Communication with counsel | -0.4 | In light of counsel's experience, the court finds the time billed across the two entries to be an unreasonable amount for a stipulation. | -0.4 |
| TM | 01/13/14 | Communication with counsel | -0.6 | Multiple entries are necessary for responses to discrete communications, so no reduction is warranted. | 0 |

| Timekeeper | Entry Date | Entry Description | Requested Reduction | Court Response and Adjustment | |
|---|---|---|---|---|---|
| TM | 01/17/14 | Communication from court | -1.3 | In light of the brevity of the motion to quash-- less than three pages-- the court finds the amount of time billed unreasonable and reduces it in part. | -1.1 |
| TM | 02/20/14 | Communication from court | -0.3 | In light of the work of other timekeepers and the simplicity of the task and minute order, the court finds the amount of time billed unreasonable and reduces it in part. | -0.2 |
| TM | 05/07/14 | Property inspection billings | -0.5 | Because the case had not settled at this point, plaintiff's counsel may have believed the inspection to be reasonably necessary. *See Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982). | 0 |
| TM | 05/30/14 | | -0.3 | | |
| TM | 06/05/14 | | -0.4 | | |
| TM | 05/15/14 | Travel to status conference | -1.5 | The court finds the billed travel time to be reasonable given the location of counsel's office. | 0 |
| TM | 05/17/14 | Status conference | -2.0 | Plaintiff's counsel does not dispute defense counsel's representation that the total time spent at the hearing and in discussions was 0.5 hours.  The court reduces the entry accordingly. | -1.5 |

10

| Timekeeper | Entry Date | Entry Description | Requested Reduction | Court Response and Adjustment | |
|---|---|---|---|---|---|
| TM | 05/19/14 | Preparation of SAR | -0.5 | In light of both the minimal differences between the instant agreement and counsel's form agreement and counsel's extensive experience, the court reduces this entry in part. | -0.3 |
| **MOORE REDUCTION SUBTOTAL** | | | | | **-5.8** |
| WL | 05/01/14 | Property inspection billings | -0.1 | Because the case had not settled at this point, plaintiff's counsel may have believed the inspection to be reasonably necessary. *See Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982). | 0 |
| WL | 05/07/14 | | -0.3 | | |
| WL | 12/02/13 | Confer regarding service | -0.4 | Plaintiff's counsel agrees to strike this entry, and the court has already accounted for it above. | 0 |
| **LAW REDUCTION SUBTOTAL** | | | | | **0** |
| DG | 07/16/13 | Administrative tasks | -0.3 | The court finds these tasks to be purely clerical and strikes each. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989); *Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1102 (9th Cir. 2008). | -1.3 |
| DG | 11/04/13 | | -0.3 | | |
| DG | 11/04/13 | | -0.4 | | |
| DG | 11/05/13 | | -0.3 | | |
| DG | 01/24/14 | Preparation of declaration | -0.8 | The court finds this entry reasonable. | 0 |

11

| Timekeeper | Entry Date | Entry Description | Requested Reduction | Court Response and Adjustment | |
|---|---|---|---|---|---|
| DG | 02/03/14 | Receipt of declaration | -0.1 | Plaintiff's counsel agrees to strike these entries, and the court has already accounted for them above. | 0 |
| DG | 06/24/14 | | -0.1 | | |
| **GUTHRIE REDUCTION SUBTOTAL** | | | | | **-1.3** |
| **TOTAL DEDUCTION** | | | | | **-7.1** |

*See* Moore Decl. Ex. A, ECF No. 25-3; Sacks Decl. Ex. A, ECF No. 25-5; Law Decl. Ex. A, ECF No. 25-7; Guthrie Decl. Ex. A, ECF No. 25-9.  In sum, the court deducts 5.8 hours from Moore's hours and 1.3 from Guthrie's for totals of 23.3 and 4.1, respectively.

### 2. Hourly Rate

Defendant also disputes the hourly rates attributed to plaintiff's counsel and each of her paralegals, insisting they are too high.  Opp'n at 13–14.  Plaintiff responds that defendant comes to its faulty conclusion by "rel[ying] on outdated cases" and "ignor[ing] the detailed holdings of" *Hall v. City of Fairfield*, No. 2:10-cv-0508 DAD, 2014 U.S. Dist. LEXIS 44927 (E.D. Cal. Mar. 31, 2014).[3]  Reply at 8.

With reference to fee awards in Sacramento from the last two years, plaintiff's requested rates are high.  *Compare Johnson*, 2014 WL 1334006, at *6 (finding $300 to be reasonable hourly rate for partners with twenty years' civil rights experience), *with Lehr v. City of Sacramento*, No. 2:07-cv-01565-MCE-GGH, 2013 WL 1326546, at *8 (E.D. Cal. Apr. 2, 2013) (finding $230 to $260 to be reasonable hourly rate for partners with between seven and ten years' civil rights experience).  Courts have determined $300 to be a reasonable hourly rate for a lawyer with twenty years' experience in civil rights litigation, practicing in Sacramento. *Johnson*, 2014 WL 1334006, at *6.  Counsel, however, has only fourteen years' experience practicing law, "of which five . . . have been spent specializing in disability access litigation."

---

[3] No Westlaw citation is available for this order.

1    Moore Decl. ¶ 3, ECF No. 25-2.  Further, she offers no declaration attesting to the

2    reasonableness of her requested rate, and the citation to *Hall*, which does not support her

3    position, is unavailing.  Consequently, the court fixes her reasonable hourly rate at $250.

4              Similarly, the requested rates for the paralegals are excessive.  Plaintiff requests

5    hourly rates ranging from $95 to $150.  Mot. at 3.  However, courts in Sacramento have

6    repeatedly determined in recent years that the prevailing hourly paralegal rate is $75.  *See, e.g.*,

7    *Deocampo v. Potts*, Civ. No. 2:06-1283 WBS CMK, 2014 WL 788429, at *9 (E.D. Cal. Feb.

8    25, 2014) (finding $75 to be reasonable hourly rate for paralegals); *Joe Hand Promotions, Inc.*

9    *v. Albright*, No. CIV. 2:11-2260 WBS CMK, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 12,

10   2013) (same).  In light of the routine nature of this matter, no deviation is necessary here.

11             In sum, the reasonable hourly rates for each timekeeper are as follows:

12   •   Attorney Tanya E. Moore: $250

13   •   Paralegal Marejka Sacks: $75

14   •   Paralegal Whitney Law: $75

15   •   Paralegal David Guthrie: $75

16             C.   ADJUSTMENTS

17             Finally, defendant argues the fee award should be reduced by "a negative

18   multiplier" because "a prevailing party's attorney's fees must bear some rational relationship to

19   the amount of the substantive recovery."  Opp'n at 15–17.  Plaintiff replies that defendant

20   supports its argument with only "cases which have no bearing on the facts of this case . . . ."

21   Reply at 9.

22             Proportionality between damages and fees is not required.  *See City of Riverside*,

23   477 U.S. at 578; *Fair Hous. of Marin*, 285 F.3d at 908.  Instead, "it is inappropriate for a

24   district court to reduce a fee award below the lodestar simply because the damages obtained are

25   small" because "'*rights involved may be nonpecuniary in nature*.'"  *Quesada v. Thompson*, 850

26   F.2d 537, 540 (9th Cir. 1988) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986));

27   *see also Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012).

28   Accordingly, the court declines to adjust the lodestar.

IV.    <u>CONCLUSION</u>

As set forth above, the court GRANTS IN PART and DENIES IN PART the motion.  Plaintiff is awarded $7,792.00 in attorneys' fees and costs as follows:

| Description | Hours | Rate | Subtotal |
|---|---|---|---|
| Attorney Tanya E. Moore | 23.3 | $250 | $5,825.00 |
| Paralegal Marejka Sacks | 5.8 | $75 | $435.00 |
| Paralegal Whitney Law | 10.2 | $75 | $765.00 |
| Paralegal David Guthrie | 4.1 | $75 | $307.50 |
| Filing Fee | | | $400.00 |
| Service Fee | | | $59.50 |
| **TOTAL** | | | **$7,792.00** |

IT IS SO ORDERED.

DATED:  August 24, 2014.

_____
UNITED STATES DISTRICT JUDGE

14